RAMÓN HERNÁNDEZ GARCÍA, Petitioner and Appellant, *v.* MARÍA HERNÁNDEZ CARRIÓN, Respondent and Appellee.

No. 6067. Argued June 20, 1932.—Decided July 5, 1932.

*Luis Vizcarrondo* for appellant. *Molina, Dubón & Ochoteco* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Ramón Hernández García filed a petition in the District Court of San Juan to have Gaspar Hernández Carrión decreed incapable of administering his person and property, and to have the court appoint the petitioner as guardian in case the petition for declaration of incapacity were sustained. The lower court decreed the said Gaspar Hernández Carrión incapable of administering his person and property, and appointed as guardian his legitimate sister María Hernández Carrión. Ramón Hernández García, who alleges to be the son of the incapacitated person, took this appeal from the order appointing a guardian. This Court has held in the case of *Solá* v. *Solá,* 30 P.R.R. 705, that there can be no appeal from a final order in proceedings for declaration of incapacity. From the opinion delivered by Mr. Chief Justice Del Toro in that case we transcribe the following.

"It is true that considering the importance of a decree of incapacity it seems that there should be recognized a right to resort

to the Supreme Court by the ordinary means of an appeal, but it is also true that the Legislature did not lose sight of its importance and in the same statute, notwithstanding the provision that before deciding the court should 'hear the opinion of experts and such other proofs as it may deem necessary,' it also prescribed that the decision would not be final if the interested parties brought an ordinary action, the matter to be thereupon ventilated in an oral and public trial and the judgment terminating that action being clearly appealable under the law.

"The presumption is that the district judges will act justly. Besides, the extraordinary remedies existing in our procedural system would always permit the correction of any notorious injustice or any real error that might be committed. Lastly, it must not be overlooked that in many cases of this kind a prompt and effective decision of the matter is necessary for the best interest of all parties concerned and of society."

The appointment of a guardian is a consequence of the incapacity, and the incapacity must be decreed as a preliminary step to the appointment of a person who shall legally represent the incapacitated person. The real purpose sought is the appointment of a guardian. Once the court has arrived at the conclusion that the person alleged to be incapacitated is really incapable of taking care of his own person and of administering his property, it should appoint a guardian. In the case at bar the petition prayed for both these things and both were granted by the lower court in the same decree.

As we have said before, a decree of incapacity is not appealable. No appeal can be taken, either, from an order appointing a guardian, which is the real purpose sought by a proceeding for declaration of incapacity, in the absence of a statute granting the right to appeal.

The appeal should be dismissed.